**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK La Van JACKSON,<br><br>                                Petitioner,<br>          v.<br>CITY AND COUNTY OF SAN DIEGO,<br>                                Respondents. | Civil No.  11cv0711-JLS (PCL)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion to proceed in forma pauperis. The Petition is subject to dismissal without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to name a proper respondent, failed to use a court-approved form, failed to sign the Petition under penalty of perjury, failed to state a claim for relief, and failed to allege exhaustion of state court remedies.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has attached an "Affidavit of Indigency and Motion to Proceed In Forma Pauperis." (Doc. No. 2.) The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution in which he is confined. Rule 3(a)(2), 28 U.S.C. foll.

1  § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison
2  Certificate. The proper Southern District in forma pauperis form, which includes the required
3  Prison Certificate, will be sent to Petitioner along with a coy of this Order.

4  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or
5  qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See
6  Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit,
7  **no later than June 9, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of
8  his inability to pay the fee.

9  **FAILURE TO USE PROPER FORM**

10  Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance
11  with the Local Rules of the United States District Court for the Southern District of California.
12  See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must
13  be submitted upon a court-approved form and in accordance with the instructions approved by
14  the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted the application
15  for a writ of habeas corpus on a court-approved form. A court-approved amended petition form
16  will be sent to Petitioner along with a copy of this Order.

17  **FAILURE TO SIGN PETITION**

18  Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must
19  be printed, typewritten or legibly handwritten; and <u>be signed under penalty of perjury by the
20  petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242</u>."
21  Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, although Petitioner has signed his
22  declaration in support of the in forma pauperis application under penalty of perjury, he has not
23  signed the Petition itself under penalty of perjury.

24  **FAILURE TO NAME PROPER RESPONDENT**

25  Review of the Petition reveals that Petitioner has failed to name a proper respondent. On
26  federal habeas, a state prisoner must name the state officer having custody of him as the
27  respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
28  U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner

is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has named the City and County of San Diego as Respondents. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

>court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner claims that: "I have been given a sentence for violating probation and violating a restraining order.  I was forced to plead guilty even though a restraining order has never been issued [against me]."  (Pet. at 1.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  If Petitioner is contending that his federal constitutional rights have been violated in connection to his guilty plea, for example, he must allege so in his Petition.  <u>See e.g.</u> <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969) (holding that because the decision to plead guilty involves the waiver of constitutional trial rights, only a guilty plea entered knowingly, intelligently and voluntarily satisfies federal due process.).  Petitioner's conclusory allegation that he was "forced to plead guilty" is insufficient to state a federal claim absent specific facts.  <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations that are not supported by specific facts do not merit habeas relief).

Further, the Court notes that Petitioner may not be able to simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at

133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claim in the California Supreme Court. If Petitioner has raised his claim in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

///

1  The statute of limitations does not run while a properly filed state habeas corpus petition
2 is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).
3 But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
4 when its delivery and acceptance [by the appropriate court officer for placement into the record]
5 are in compliance with the applicable laws and rules governing filings."). However, absent some
6 other basis for tolling, the statute of limitations does run while a federal habeas petition is
7 pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

8  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
9 habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
10 the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.
11 Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
12 relief because he has not satisfied the filing fee requirement, has not named a proper respondent,
13 has not used a court-approved form, has not signed the Petition under penalty of perjury, has not
14 alleged a federal claim, and has not alleged exhaustion of state court remedies.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## **CONCLUSION AND ORDER**

Accordingly, the Court **DENIES** Petitioner's Motion to proceed in forma pauperis without prejudice and **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement, failure to name a proper respondent, failure to use a court-approved form, failure to sign the Petition under penalty of perjury, failure to present a cognizable federal claim, and failure to allege exhaustion of state court remedies. To have this case reopened, Petitioner must either pay the $5.00 filing fee or file a properly supported application for leave to proceed in forma pauperis **and** file a First Amended Petition no later than **June 9, 2011**, in conformance with this Order. The Clerk of Court shall send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: April 13, 2011

Honorable Janis L. Sammartino
United States District Judge